UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ERICKSON CLAY WARD,<br><br>*Defendant.* | Case No. CR-18-067-RAW |

### ORDER

Before the Court is the Defendant's Motion to Reconsider Final Order of Forfeiture for Substitute Asset [Dkt. 77]. The Court, having reviewed said Motion and the government's response, finds:

THAT on January 21, 2020, the court entered a Preliminary Order of Forfeiture for Substitute Asset as to Defendant Erickson Clay Ward [Dkt. 58], finding a substitute asset in the amount of $7,700.00 in U.S. currency should be forfeited and applied to Defendant's forfeiture money judgment totaling $10,000.00.

THAT on July 22, 2020, the court entered an Amended Preliminary Order of Forfeiture for Substitute Asset as to Defendant Erickson Clay Ward [Dkt. 73]. The Amended Preliminary Order of Forfeiture for Substitute Assets found that due to a counting error, the correct amount of the substitute asset is the amount of $7,730.00 in U.S. currency which should be forfeited and applied to Defendant's forfeiture money judgment totaling $10,000.00.

THAT on August 30, 2021, the court entered a Final Order of Forfeiture for Substitute Asset as to Defendant Erickson Clay Ward [Dkt. 76] directing that judgment of forfeiture of the substitute asset of $7,730.00 in U.S. currency shall be entered in favor of the United States pursuant

to Title 21, United States Code, Section 853 and that the substitute asset will be applied to Defendant Erickson Clay Ward's forfeiture money judgment.

THAT on September 27, 2021, Defendant Erickson Clay Ward filed a Motion to Reconsider the Final Order of Forfeiture for Substitute Asset [Dkt. 77] stating that the $7,730.00 which was forfeited as a substitute asset was obtained legally and that he did not receive notice of the Amended Preliminary Order of Forfeiture that addressed the counting error.  However, he does state that he did receive the original Preliminary Order of Forfeiture for Substitute Asset in January 2020.

THAT on October 23, 2021, Defendant Erickson Clay Ward filed another Motion to Reconsider the Final Order of Forfeiture for Substitute Asset [Dkt. 78] stating that the $7,730.00 was obtained legally and that he did not receive notice of the counting error;

Forfeiture is a mandatory element of sentencing imposed following conviction.  *United States v. Arnold*, 878 F.3d 940, 945 (10th Cir. 2017); 28 U.S.C. §2461(c).

When proceeds or directly forfeitable property are unavailable, the court "shall order" the forfeiture of substitute assets up to the value of the unavailable assets.  21 U.S.C. §853(p)(2); 28 U.S.C. §2461(c).  Pursuant to 21 U.S.C. §853(p), an asset is unavailable when "as a result of any act or omission of the defendant" the asset:  "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third person; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty."  21 U.S.C. §853(p)(a)(A)-(E).

There is no nexus or tracing requirement for the forfeiture of substitute property under 21 U.S.C. §853(p) and Rule 32.2(e)(1)(B).  By definition substitute property is "property that neither

comprises the fruits of nor is connected to the defendant's alleged crime." *United States v. Jarvis*, 499 F.3d 1196, 1203-04 (10th Cir. 2007)

In this case, Defendant Erickson Clay Ward has been incarcerated since his arrest on July 2, 2018 and has no current source of income and other assets available to serve as substitute assets for the money judgment. Defendant Erickson Clay Ward asks this court to reconsider and deny the forfeiture of the $7,730.00 in U.S. currency because this money was legally obtained and he did not receive notice of the amended order which addressed a counting error. The legality of the source of funds is irrelevant for substitute assets. That is the whole point of substitute assets. If the source of funds were from the criminal activity they would be forfeited as proceeds of the crime, not as substitute assets. The notice issue is likewise a non-issue. He admits to receiving timely notice that these funds were being forfeited as a substitute asset. His complaint is that he did not receive timely notice regarding the counting error, which amounted to $30.00 of $7,730.00. However, he did receive constructive notice when the amended motion and order were delivered to his attorney through the ECF system.

Therefore, Defendant's motion to reconsider is DENIED.

IT IS SO ORDERED this 4th day of January, 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE