IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERICKSON CLAY WARD, )<br>)<br>Defendant. ) | Case No. CR-18-067-RAW |

### ORDER

Before the court is a document filed by defendant entitled, on the first page, "request for discovery as is provided for under F.R.C.P. Rule 16 and application to proceed without paying fees or costs." The second page, also signed, is entitled "Freedom of Information Act Request" and seeks "[a]ny and all discovery materials in regard to" the above-styled criminal case.

On September 17, 2018, defendant pled guilty to Count 1 and Count 3 of the Superseding Indictment. He was sentenced on February 13, 2019. The present motion was filed September 5, 2023.

As for defendant's request for discovery pursuant to Rule 16 F.R.Cr.P., this court no longer has jurisdiction to entertain such a request. "The district court had jurisdiction over [defendant's] criminal case under 18 U.S.C. §3231. But §3231's grant of jurisdiction ended upon entry of the final judgment." *United States v. Benitez,* 720 Fed.Appx. 509, 510 (10th Cir.2018).

As to the Freedom of Information Act (FOIA) request, the document reads as an initial

request, which this court may not consider. This court is only empowered to review an adverse FOIA decision already made by an agency. *See* 5 U.S.C. §552(a)(4)(B). A plaintiff generally must exhaust his administrative remedies under FOIA before filing suit in federal court. *See Hull v. I.R.S. Dep't of Treasury,* 656 F.3d 1174, 1179 (10th Cir.2011). This is a prudential consideration rather than a jurisdictional prerequisite, *id.* at 1181, but nothing in the record suggests that exhaustion should not be required in this case.

Also, the court is persuaded that FOIA envisions that federal courts will only hear such challenges in a separate civil action, not in a motion filed in a now-closed criminal case. *See United States v. Gholikhan,* 2011 WL 13268354 (S.D.Fla.2011); *Cf. Upsher-Smith Lab., Inc. v. Fifth Third Bank,* 2017 WL 7369881, *3 (D.Minn.2017). FOIA provides the district court jurisdiction "[o]n complaint." 5 U.S.C. §552(a)(4)(B). A motion is not a complaint.

This court does not address whether a document filed in a criminal case is sufficient to advise the appropriate agency (not "the United States" generally) that a request pursuant to the Act has been made.

It is the order of the court that the motion of the defendant (#82) is hereby dismissed without prejudice. To the extent defendant has made a request to proceed *in forma pauperis,* it is deemed moot.

**ORDERED THIS 19th DAY OF DECEMBER, 2023.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

2